FREDERIC S. HOFFER and RUSSELL C. NORTHAM, Plaintiffs, v. HOOVEN, OWENS, RENTSCHLER COMPANY, Defendant.

(Supreme Court, New York Trial Term, May, 1919.)

Contracts — breach  of — waiver — termination  of  agency — commissions — parties — verdict — sales — evidence.

By a contract giving them the exclusive agency for the sale on commission of defendant's automatic writing machines within a certain territory, plaintiffs obligated themselves to devote their entire time and effort to the business, to sell a certain number of machines a month and to deposit a certain sum as a guaranty of performance on their part. At the end of the first two months the plaintiffs having sold less than the required number of machines each month, defendant forbade their taking any orders for machines to be used in "public service," on the ground that another person had the exclusive right to such use of the machines, although no mention thereof was made in the contract with plaintiffs. The termination of

the agency some months later was entirely agreeable to defendant, which not only had waived the plaintiffs' failure to sell the number of machines required by the contract and acquiesced in one of the plaintiffs dropping out of the business, but had repaid in full the balance of plaintiffs' deposit. In an action to recover commissions earned before the termination of the contract and for damages alleged to have been occasioned by defendant's breach thereof in preventing sales for "public service" and in other minor acts contributing to the loss of business, the evidence warranted a finding that plaintiffs had never agreed to the limitation of sales imposed by the defendant. *Held,* that a verdict in separate amounts on each cause of action, without direction of the court, must be treated as if the jury had found for a single sum on both causes of action and defendant's motion to set aside the verdict and for a new trial will be denied.

The plaintiff who had withdrawn from the business was a proper party to the action, as he was damaged by defendant's breach of the contract as well as his co-plaintiff.

While the conduct of plaintiffs in continuing the business operated as a waiver of defendant's alleged breach of contract it did not preclude a recovery of damages on account of such breach.

MOTION to set aside verdict and for a new trial.

Dawson, Merrill & Dawson (E. S. Merrill, of counsel), for plaintiffs.

William F. Clare, for defendant.

FORD, J. This is a motion to set aside a verdict and for a new trial.

By a written contract dated March 21, 1916, the plaintiffs took the exclusive agency for the sale on commission of the defendant's automatic writing machines in New York city and vicinity. Among other things the contract obligated the plaintiffs to give to the business their entire time and diligent effort,

to sell· at least twenty-five machines a month, and to deposit $15,000 as a guaranty of the performance of the contract.

Plaintiffs fitted up offices at substantial expense, organized a selling force and proceeded to canvass their territory. They succeeded during the first two months in selling a considerable number of the machines, although less than the required twenty-five each month, when the defendant forbade their taking orders for machines to be used in " public service," *i. e.,* the production of circular letters for advertising and analogous purposes. This limitation of the contract was put upon the ground that another person had the exclusive right to such use of the machines, although no mention of this is made in the contract.

Both plaintiffs continued with the agency for a couple of months longer when the plaintiff Hoffer by agreement with the plaintiff Northam dropped out of the business which thenceforward was conducted by Northam solely for some months, when he too withdrew and turned the offices and business over to the defendant on November 1, 1916. This termination of the agency was entirely agreeable to the defendant so far as the evidence discloses and it repaid in full the balance of the plaintiffs' deposit which remained with it.

Instead of the $15,000 called for by the contract the plaintiffs furnished $10,000 only and delivered a note made by a selling corporation, through which they conducted the agency, for $5,000 additional. This note was returned with the request that the note of plaintiffs themselves be substituted. The substitution was never made and nothing further appears to have been done about it. So also the defendant seems to have waived the failure of the plaintiffs to sell a minimum of twenty-five machines a month and to have acquiesced

in plaintiff Hoffer's dropping out of the business. The jury have found that the plaintiffs substantially performed their part of the contract.

Two causes of action are set up in the complaint. The first is for commissions earned before the termination of the contract and the second for damages suffered through an alleged breach by the defendant in preventing sales for public service, and in other minor acts contributing to the loss of business.

The answer is a general denial of the material allegations in the complaint together with a single affirmative defense to the effect that the plaintiffs voluntarily withdrew from the obligations of the contract pursuant to one of its specific provisions and that nothing remained due the plaintiffs by the terms of that provision.

The jury have found and were warranted by the evidence in finding that the plaintiffs never agreed to the limitations of sales imposed by the defendant. They accordingly found for the plaintiffs in the sum of $5,325 on the first cause of action and for $2,000 on the second. They thus found in two separate amounts without direction from the court and it seems to me that the verdict must be treated in all respects as if they had found for the single sum of $7,325 on both causes of action as they were at liberty to have found.

To consider the separate amounts apportioned to either cause of action without regard to the other would be taking liberties with the verdict which might subvert the intent of the jury and transform a just finding into injustice. For who can doubt that they, in fixing the amount on each cause of action, had in mind the sum apportioned to the other? True they have awarded as commissions on the first count a sum in excess of what the terms of the contract justified, but almost every bit of evidence tending to prove that

cause of action related to the second cause of action also as showing profits lost through the breach of the defendant. If for example they had disallowed the commissions claimed on certain machines under the first count, because the actual sales were not proved to have been consummated before November 1, 1916, they were warranted in adding a like amount to the damages found on the second cause, for it might properly be considered as an item of loss on that count, since if the plaintiffs had been permitted to enjoy all the benefits of their contract and so to continue their business under it, those sales would most probably have been consummated and the commissions realized by the plaintiffs.

The trial of this case consumed several days and ample opportunity was given counsel to try it fully in their own way. Had the verdict been in the single sum of $7,325 as it should have been there would hardly be a question raised as to its reasonableness. The defendant has had a fair trial and I do not think any injustice has been suffered by it so far as the amount of the verdict is concerned.

But the defendant insists that the course of conduct pursued by the plaintiffs in continuing the business under the contract after the alleged breach by the defendant constitutes such a waiver as to preclude a recovery on the second cause of action. It is probably a sound view that the conduct of the plaintiffs did work a waiver of the breach. But that is quite a different thing from forfeiting a right of action for damages on account of the breach. This distinction is clearly pointed out in *Frankfurt-Barnett Co.* v. *William Prym Co.*, 237 Fed. Repr. 21. In that case several New York cases bearing upon the question are cited and considered. A party to a contract may waive a breach by the other and perform so far as he is permitted to per-

form and may then have damages for the loss occasioned to him by the breach. In the instant case there was a continuing breach through the defendant's denial of the right to sell machines to a class of customers whose patronage promised substantial returns as the evidence shows. The plaintiffs had a considerable investment in the business and had presumably entered upon it in good faith and with the apparent purpose of establishing it upon a permanent and profitable basis. Their contract insured to them the right to continue indefinitely so long as they fulfilled its conditions. When they were prevented from selling to an important class of their prospective customers what in reason could they be expected to do except exactly as they did do? They tried to make a success of the business until one of them got discouraged and withdrew. The other hung on for a while longer, then he too gave up in despair. Should the author of their misfortune — for so the jury have by their verdict characterized the defendant — escape retribution? The law is not so unreasonable but holds the defendant to answer in damages for the injury it has inflicted.

The plaintiff Hoffer is a proper party for he was damaged by the breach as well as Northam. He swore that it was the act of the defendant that drove him from the business. There is no evidence that he transferred to Northam his right of action in this regard. What the rights of the two plaintiffs are as between themselves does not concern us in this action. The motion to set aside the verdict and for a new trial is denied, and the motions of the plaintiffs to amend the complaint and for an extra allowance are denied.

Ordered accordingly.