FREDERIC S. HOFFER and RUSSELL C. NORTHAM, Respondents, *v.* HOOVEN, OWENS, RENTSCHLER COMPANY, Appellant.

First Department, June 4, 1920.

**Principal and agent — action by agent for commissions and for breach of contract — trial — specific verdicts upon separate and distinctive causes of action — court cannot treat such verdicts as general verdicts.**

Where sales agents for a certain territory sued their principal upon two causes of action arising out of the contract of agency, *first*, to recover commissions due which are alleged to amount to a certain sum, and *second*, to recover damages sustained by the defendant's repeated breaches of the contract alleged to amount to a certain sum, and the jury specifically awarded the plaintiffs a larger amount on the first cause of action than demanded therein, and also gave a verdict for a different specific sum upon the second cause of action, the trial court had no power to make the specific verdict a general one by adding together the two sums awarded so as to reach a total which it deemed justified by the evidence in both causes of action. By so doing the court substituted its own judgment for that of the jury.

As under the pleadings the plaintiffs could not recover upon the first cause of action more than the sum demanded, the verdict in their favor must be reduced to that amount.

APPEAL by the defendant, Hooven, Owens, Rentschler Company, from a judgment of the Supreme Court in favor of the plaintiffs, entered in the office of the clerk of the county of

New York on the 15th day of May, 1919, upon the verdict of a jury, and also from an order entered in said clerk's office on the 20th day of May, 1919, denying defendant's motion for a new trial made upon the minutes.

*William F. Clare* of counsel [*Frederick A. Gill* with him on the brief], for the appellant.

*Miles M. Dawson* of counsel [*Edwin S. Merrill* and *R. Blaine Dawson* with him on the brief; *Dawson, Merrill & Dawson*, attorneys], for the respondents.

DOWLING, J.:

This action is brought to recover upon two causes of action, both arising out of a contract in writing, bearing date March 21, 1916, whereby defendant gave to plaintiffs the exclusive agency for the sale of its automatic typewriters and accessories in the State of New York (up to and including Albany), and in the States of New Jersey and Connecticut, upon a commission of thirty per cent on all sales made by plaintiffs and accepted by defendant, with certain provisions as to a division of commissions in case a sale was made in plaintiffs' territory by another agent, or and also if a sale was made by plaintiffs within the territory of some other agent. Plaintiffs were to establish a suitable office or salesroom in New York city for the demonstration of the typewriters and to carry on their agency business. Elaborate provisions were made for the conduct of the agency and for what both parties were to do in connection not only with the sales but with the maintenance of a guaranteed free service to customers. Defendant was to furnish the services of a cashier or office manager, whose duties were defined, and was to do all the advertising and furnish all advertising literature. The contract was to continue in force from year to year, if plaintiffs complied with the conditions of the contract. Plaintiffs were to deposit the sum of $15,000 with defendant as evidence of their financial ability to conduct the business of the agency, and were to have the privilege of withdrawing said sum at the rate of ten per cent monthly; if the contract was canceled before all the deposit was withdrawn, defendant agreed to return any balance in its hands. It was also provided:

" *Twenty-two.* It is agreed and understood, that in the event this contract is terminated, by either party hereto, that the said second party agrees to make no claim or claims of any nature whatsoever, except for commissions due on accepted sales and other monies of said second party on deposit with first party."

The contract was terminated on November 1, 1916, when, as the complaint alleges, the defendant took possession of plaintiffs' office and of their salesmen and office force.

The first cause of action is to recover the sum of $4,260, with interest from November 1, 1916, for the balance due upon commissions earned between March 21, 1916, and November 1, 1916, upon sales made within the territory assigned to plaintiffs. Upon these commissions, defendant had paid plaintiffs between said dates an aggregate amount of $8,855.65, and the complaint alleges that " there is now due and owing to the plaintiffs by reason of the premises a large amount of money, to wit, Four thousand two hundred and sixty ($4,260) Dollars, the exact amount of which is to the plaintiffs unknown." The prayer for relief is a separate one under this first cause of action, being: " Wherefore, the plaintiffs demand judgment against the defendant in the sum of Four Thousand Two Hundred and Sixty ($4,260) Dollars together with interest from the first day of November, 1916, besides the costs and disbursements of the action."

The second cause of action is brought to recover damages alleged to have been sustained by plaintiffs by reason of defendant's repeated breaches of the contract between March 21, 1916, and November 1, 1916. The details of these breaches are set forth at length and the damage is placed at the sum of $25,000. There is a separate prayer for relief on this second cause of action as follows: " Wherefore, the plaintiffs demand judgment against the defendant in the sum of Twenty-five Thousand ($25,000) Dollars, besides the costs and disbursements of the action."

The answer of the defendant contains many denials, but admits the opening of the agency, and that typewriters and accessories were sold by plaintiffs; that certain payments were made to them. It does not deny the making of the agreement set forth in the complaint. As a separate defense to

the second cause of action, it admits the making of the agreement as pleaded, and then sets up that the agreement was terminated on October 23, 1916, upon written notice from plaintiff Northam, and that defendant returned to him the balance of the sum deposited as demanded and thereby was discharged from any further liability under the agreement.

The jury returned a sealed verdict in favor of plaintiffs in the sum of $5,325 upon the first cause of action and in the sum of $2,000 upon the second cause of action. Defendant's counsel called the attention of the court to the fact that the complaint demanded judgment for the sum of $4,260 only upon the first cause of action, and that there had been no amendment of the pleadings. The customary motion for a new trial was made. The court reserved decision on the motion, as well as on a motion to dismiss the complaint. In denying the motion the court said: " They [the jury] accordingly found for the plaintiffs in the sum of $5,325 on the first cause of action and for $2,000 on the second. They thus found in two separate amounts without direction from the court and it seems to me that the verdict must be treated in all respects as if they had found for the single sum of $7,325 on both causes of action as they were at liberty to have found. To consider the separate amounts apportioned to either cause of action without regard to the other would be taking liberties with the verdict which might subvert the intent of the jury and transform a just finding into injustice. For who can doubt that they, in fixing the amount on each cause of action, had in mind the sum apportioned to the other? True, they have awarded as commissions on the first count a sum in excess of what the terms of the contract justified, but almost every bit of evidence tending to prove that cause of action related to the second cause of action also as showing profits lost through the breach of the defendant. If for example they had disallowed the commissions claimed on certain machines under the first count, because the actual sales were not proved to have been consummated before November 1, 1916, they were warranted in adding a like amount to the damages found on the second cause, for it might properly be considered as an item of loss on that count, since, if the plaintiffs had been permitted to enjoy

all the benefits of their contract and so to continue their business under it, those sales would most probably have been consummated and the commissions realized by the plaintiffs. The trial of this case consumed several days and ample opportunity was given counsel to try it fully in their own way. Had the verdict been in the single sum of $7,325 as it should have been, there would hardly be a question raised as to its reasonableness. The defendant has had a fair trial and I do not think any injustice has been suffered by it so far as the amount of the verdict is concerned." *

I am of the opinion that the testimony warrants a finding in favor of plaintiffs to the extent of $4,260 only, being the amount for which they asked judgment by their complaint. This includes commissions earned on sales to (a) Brooks Bros., (b) Cadillac Motor Co., (c) Douglas Fenwick Co., (d) Hill Publishing Co., (e) David Williams Co., (f) Certified Service, (g) Thomas A. Edison, (h) American Humane Society; and aggregating $14,200. It excludes the alleged sales of machines to Paul Hooven for use in plaintiffs' territory, the testimony as to which would be insufficient in any event to warrant a recovery thereof by plaintiffs. But in no event could plaintiffs recover on their first cause of action more than the amount stated to be due them from defendant and for which they asked judgment, viz., $4,260. The jury specifically found the amount which they awarded to plaintiffs upon this first cause of action, viz., $5,325. Their verdict was not a general one which would have left uncertain the exact apportionment of the recovery between the two causes of action. Having definitely fixed the sum which they awarded as damages under the first cause of action, the trial court was without power to make their verdict a general one and by adding together the two sums awarded to reach a total which it deemed justified by the evidence as to both causes of action. The court would thus be substituting its judgment for that of the jury upon the facts and making a new verdict for them. The plaintiffs, under the pleadings, could not recover upon the first cause of action more than $4,260, and the verdict thereon must be reduced to that amount.

---

* See 107 Misc. Rep. 383.— [REP.

We find no error in the recovery upon the second cause of action to the extent to which the jury awarded damages, viz., $2,000.

The judgment appealed from will, therefore, be modified by reducing the verdict upon the first cause of action from the sum of $5,325 to $4,260; the recovery upon the second cause of action in the sum of $2,000 will be affirmed, and as so modified the judgment and the order are affirmed, without costs.

CLARKE, P. J., SMITH, MERRELL and GREENBAUM, JJ., concur.

Judgment modified as indicated in opinion, and judgment as so modified and the order appealed from affirmed, without costs.